UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ineye Bobmanuel,

        Petitioner,

Case No.: 15-cv-3159 (ADM/SER)

v.

**REPORT AND RECOMMENDATION**

Denise Wilson,

        Respondent.

---

    Ineye Bobmanuel, *Pro Se*, Brooklyn Center, Minnesota.

    David P. Steinkamp, Esq., United States Attorney's Office, Minneapolis, Minnesota, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case comes before the undersigned on Petitioner Ineye Bobmanuel's ("Bobmanuel") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody ("Petition") [Doc. No. 1] and Respondent Denise Wilson's ("Wilson") Motion to Dismiss Petition Pursuant to 28 U.S.C. § 2241 for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") [Doc. No. 10]. This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends granting Wilson's Motion to Dismiss.

**I.    BACKGROUND**

    Bobmanuel, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, is serving a 120-month prison sentence. Sentencing Judgment, *United States v. Bobmanuel*, No. 07-cr-68 (MJD/JSM) [Doc. No. 36]. In 2009, the Honorable Michael J. Davis imposed this sentence

after Bobmanuel pled guilty to possessing narcotics with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *Id*. At the sentencing hearing, Judge Davis determined Bobmanuel's sentencing range under U.S.S.G. § 4B1.1(a) ("Sentencing Guidelines") to be 262 to 327 months. Tr. of Sentencing Hr'g, *United States v. Bobmanuel*, No. 07-cr-68 (MJD/JSM) ("Tr. of Sentencing Hr'g") [Doc. No. 42 at 4]. Judge Davis determined that Bobmanuel had prior felony convictions for crimes of violence,[1] which made him a career offender under the Sentencing Guidelines. *Id.* at 3–6. Nevertheless, Judge Davis departed from the Sentencing Guidelines range pursuant to U.S.S.G § 5K1.1 and 18 U.S.C. § 3553(e) based on Bobmanuel's substantial assistance to the Government. *Id.* at 4, 16. The court sentenced Bobmanuel to the statutory **minimum** of ten years' imprisonment. *Id.* at 16; *see* 21 U.S.C. § 841(b)(1)(A).

Bobmanuel appealed his sentence on April 10, 2009, specifically challenging the application of the Sentencing Guidelines. Notice of Appeal, *United States v. Bobmanuel*, No. 07-cr-68 (MJD/JSM) [Doc. No. 37]. The Eighth Circuit affirmed Bobmanuel's conviction and held the district court correctly calculated Bobmanuel's potential sentence under the career offender provision of the Sentencing Guidelines. *United States v. Bobmanuel*, 366 F. App'x 693, 694–95 (8th Cir. 2010). Bobmanuel filed a petition for a writ of certiorari, which the Supreme Court denied. *Bobmanuel v. United States*, 562 U.S. 939 (2010).

On November 22, 2010, Bobmanuel filed a habeas petition under 28 U.S.C. § 2255 seeking relief from his sentence. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, *United States v. Bobmanuel*, No. 07-cr-68 (MJD/JSM) [Doc. No. 48]. Bobmanuel argued "that the Court incorrectly determined that [he was] a career offender." Mem. Op. & Order, *United States v. Bobmanuel*, No. 07-cr-68 (MJD/JSM) [Doc. No.

---

[1] Bobmanuel's predicate felonies included burglary and attempted burglary. *Id.* at 6.

2

54 at 3]. The district court held that the issue "was raised and decided on direct appeal and cannot be relitigated . . . unless there is new evidence or argument by which to demonstrate that this issue was decided incorrectly." *Id.* at 6 (citing *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)). The district court therefore denied Bobmanuel's § 2255 petition finding that Bobmanuel failed to present "any new evidence or argument to demonstrate that the Eighth Circuit decided these issues incorrectly." *Id.* at 6–7. The Eighth Circuit denied Bobmanuel's subsequent request for a certificate of appealability. Judgment of USCA, *United States v. Bobmanuel*, No. 07-cr-68 (MJD/JSM) [Doc. No. 59].

Bobmanuel filed the current Petition pursuant to 28 U.S.C. § 2241 on July 29, 2015. (Pet.). Bobmanuel argues his sentence should be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Mem.) [Doc. No. 3]. Specifically, Bobmanuel contends that because *Johnson* held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) (the Armed Career Criminal Act, "ACCA") is unconstitutional, the Supreme Court implicitly struck down the residual clause of the Sentencing Guidelines.[2] *See generally* (Mem.). Bobmanuel asserts his underlying burglary convictions fall within the residual clause of the career offender provision of the Sentencing Guidelines and, therefore, he cannot be treated as a career offender with an enhanced prison sentence. (*Id.*). Bobmanuel brings his Petition under § 2241 because he "already filed a previous § 2255" petition. (Pet. at 4).

On September 11, 2015, Wilson filed a Motion to Dismiss the Petition asserting this Court does not have subject matter jurisdiction over the Petition. (Mot. to Dismiss).

---

2   18 U.S.C. § 924(e)(2)(B)(ii) defines a violent felony as a "burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**," and U.S.S.G § 4B1.2(a)(2) defines a "crime of violence" with identical language. In *Johnson v. United States*, 135 S. Ct. at 2563, the Court held that the bolded language, known as "the residual clause of the Armed Career Criminal Act[,] violates the Constitution's guarantee of due process."

## II. LEGAL STANDARD

A motion under 28 U.S.C § 2241 challenges the execution of a sentence while a motion under 28 U.S.C § 2255 challenges the imposition or validity of a sentence. *See, e.g.*, *Aragon-Hernandez v. United States*, No. 13-cv-2218 (SRN/AJB), 2014 WL 468266, at *2 (D. Minn. Feb. 6, 2014) (Nelson, J., adopting report and recommendation of Boylan, Mag. J.) (citing *Mickelson v. United States*, No. 01-cv-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002) (Tunheim, J.)). "'It is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241.'" *Turner v. Fisher*, No. 12-cv-2035 (JNE/SER), 2012 WL 5279210, at *2 (D. Minn. Sept. 27, 2012) (Rau, Mag. J.) (omission in original) (quoting *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)), *adopted by* 2012 WL 5279221 (Oct. 25, 2012).

"A motion under [§] 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under [§] 2255 would be 'inadequate or ineffective.'" *Aragon-Hernandez*, 2014 WL 468266, at *2 (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)). In other words, a petitioner must challenge his sentence "through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah*, 392 F.3d at 959.

The "inadequate or ineffective" requirement stems from § 2255's savings clause which states:

> [a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless**

4

> **it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C § 2255(e) (emphasis added). The petitioner bears the burden to prove that § 2255 relief would be inadequate or ineffective. *Hill*, 349 F.3d at 1091. If a petitioner fails to satisfy this burden, then "[a] district court does not have subject matter jurisdiction over [the] issues," and the case must be dismissed. *See DeSimone v. Lacy*, 805 F.2d 321, 323–24 (8th Cir. 1986).

### III. DISCUSSION

Bobmanuel asserts that *Johnson* retroactively applies to his case, and his prior burglary and attempted burglary convictions cannot be used to enhance his sentence as they fall under the residual clause of the career offender provision of the sentencing guidelines. (Mem.); (Reply) [Doc. No. 11 at 1]. The Supreme Court's recent decision in *Welch v. United States* confirmed that *Johnson* is retroactive. 136 S. Ct. 1257, 1259 (2016) ("*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review."). *Johnson's* holding, however, does not apply to Bobmanuel's case.

The *Johnson* Court held that "an **increased** sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563 (emphasis added). The Supreme Court explained that Fifth Amendment principles prohibiting vagueness "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2556–57. The residual clause of the ACCA is unconstitutional because the ambiguous provision imposed an increased minimum sentence of fifteen years' imprisonment. *Id.* at 2560.

In the wake of *Johnson*, federal inmates have filed § 2241 petitions arguing that their increased sentences ought to be vacated because their underlying felony convictions were violent crimes under the now unconstitutional residual clause of the ACCA. *See, e.g.*, *White v. Wilson*,

5

15-cv-3700 (WMW/HB), 2016 WL 1555699, at *1 (D. Minn. Apr. 18, 2016) (Wright, J.) (holding that the district court lacked subject matter jurisdiction to hear petitioner's § 2241 petition since petitioner could seek to file a subsequent § 2255 petition pursuant to 28 U.S.C. § 2255(h)(2)); *Greer v. Wilson*, 15-cv-3094 (SRN/FLN), 2015 WL 7432336, at *1 (D. Minn. Nov. 23, 2015) (Nelson, J.) (same). Additionally, incarcerated individuals have challenged their lengthened imprisonment under the residual clause of the Sentencing Guidelines, which contains language identical to the residual clause of the ACCA. *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015).

### A.     *Johnson's* Effect on the Sentencing Guidelines

In *Taylor*, the Eighth Circuit noted that the Supreme Court and the Sixth Circuit vacated and remanded Sentencing Guideline cases in light of *Johnson*. *Taylor*, 803 F.3d at 932–33 (citing *United States v. Maldonado*, 581 F. App'x 19, 22–23 (2d Cir. 2014), *vacated and remanded*, ----- U.S. -----, 135 S. Ct. 2929 (2015); *United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. 2015)). Previously, the Eighth Circuit concluded "that the [S]entencing [G]uidelines are 'not susceptible to a vagueness attack'" since the Guidelines provide guidance towards sentencing, and do not proscribe conduct. *Id.* at 933 (quoting *United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990)). Nevertheless, the *Taylor* court stated that the "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after *Johnson*." *Id.* The government conceded that Taylor's sentence should be vacated and remanded given the *Johnson* decision, and thus the Eight Circuit sent the case back to the district court to determine "whether the residual clause of the career offender guideline is unconstitutional." *Id.*

While the *Taylor* decision casts doubt on the Sentencing Guidelines' protection against vagueness challenges, *Taylor* "did not decide whether the [Sentencing Guidelines are]

6

unconstitutionally vague." *United States v. Ellis*, 815 F.3d 419, 421–22 (8th Cir. 2016) ("If it were obvious that the guidelines are susceptible to a constitutional vagueness challenge . . . then it seems unlikely that this court in *Taylor* would have left the question open for consideration by the district court in that case."). In fact, the Eight Circuit has on numerous occasions declined to decide whether the reasoning in *Johnson* renders the residual clause of the Sentencing Guidelines unconstitutional. *See, e.g.*, *United States v. Johnson*, No. 15-1816, 2016 WL 1399378, at *4 (8th Cir. Apr. 11, 2016) ("[F]or the sake of argument . . . [we] assume without deciding that, under *Johnson*, the district court's application of the Guidelines [sic] career-offender residual clause was plain error.").

Based on the circuit case law, it is not clear if the vagueness doctrine applies to the Sentencing Guidelines. *Ellis*, 815 F.3d at 422. Further, the government clearly opposes applying the *Johnson* decision in Bobmanuel's case. *See* (Mot. to Dismiss at 10 n.2). Even if there were a concession, such a compromise does not automatically result in an application of the vagueness doctrine. *See United States v. Dawn*, 685 F.3d 790, 795 (8th Cir. 2012) ("Confessions of error are, of course, entitled to and given great weight, but they do not relieve this court of the performance of the judicial function.").

This Court need not decide, however, whether *Johnson's* void-for-vagueness holding applies to the residual clause of the career offender provision of the Sentencing Guidelines. Even if *Johnson's* holding applies to the Sentencing Guidelines, Bobmanuel's Petition must be dismissed since Bobmanuel does not have a cognizable habeas claim.

### B. Savings Clause

Bobmanuel challenges the validity of his ten-year sentence, claiming his imprisonment was unconstitutionally lengthened. (Mem. at 1). His habeas petition under § 2241 is barred by

§ 2255 unless the savings clause applies. Bobmanuel asserts that the savings clause "saves" his petition because "[t]he District of Minnesota happens to be [his] sentencing district and incarceration district." (Reply at 1). Bobmanuel also claims § 2241 relief is appropriate since he "already filed a previous § 2255" motion and was denied relief. (Pet. at 4). While the District of Minnesota is Bobmanuel's court of incarceration, this Court finds that the savings clause does not provide Bobmanuel with an avenue for relief, as he has failed to satisfy his burden that § 2255 is inadequate or ineffective.

"Section 2255 does not define the terms 'inadequate or ineffective,'" but "courts have interpreted the phrase very narrowly." *Swehla v. Wilson*, No. 13-cv-1919 (SRN/JJK), 2013 WL 6190379, at *8 (D. Minn. Nov. 27, 2013) (Keyes, Mag. J., as adopted by Nelson, J.). A § 2241 "petition cannot be based on the assertion that the claim was previously raised and rejected in a § 2255 motion." *Jones v. Wilson*, No. 13-cv-2208 (JNE/JJK), 2014 WL 1874752, at *3 (D. Minn. Mar. 26, 2014) (Keyes, Mag. J.), *adopted by* 2014 WL 1874847 (May 9, 2014). The fact that Bobmanuel filed a previous § 2255 motion and was denied does not make his § 2255 relief inadequate or ineffective. Bobmanuel therefore has not satisfied the "inadequate of ineffective" requirement to save his Petition, and this Court lacks subject matter jurisdiction over the Petition. *DeSimone*, 805 F.2d at 323–24.

Further, even if Bobmanuel could satisfy the savings clause, his habeas claim would not be cognizable given Bobmanuel's sentence.

Habeas corpus relief "'does not encompass all claimed errors in conviction and sentencing.'" *See Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)). A petitioner may file for habeas relief if his "'sentence was imposed in violation of the Constitution or laws of the United States, . . .

the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to a collateral attack.'" *Sun Bear*, 644 F.3d at 704 (quoting 28 U.S.C. § 2255(a)). The Eight Circuit consistently holds "that ordinary questions of guideline interpretation falling short of the miscarriage of justice standard do not present a proper section 2255 claim." *Id.* at 704 (internal quotation marks omitted); *see also id.* at 705 (noting that the miscarriage of justice standard is met when a petitioner's sentence exceeds the statutory authority). A defendant cannot bring a § 2255 petition for "errors made in applying the career-offender provisions" unless he "receive[d] a sentence in excess of the statutory maximum." *United States v. Derden*, Nos. 12-cr-0012 (PJS/SER),14-cv-3235 (PJS), 2014 WL 5489374, at *2 (D. Minn. Oct. 30, 2014) (Schiltz, J.).

The fact that Bobmanuel would "not be successful in a § 2255 action does not mean that § 2255 is 'inadequate or ineffective' as a procedural vehicle." *Wilson v. Wilson*, No. 13-cv-3285 (PJS/FLN), 2014 WL 3048476, at *2 (D. Minn. July 7, 2014) (Schiltz, J., adopting report and recommendation of Noel, Mag. J.) ("[T]he fact that [petitioner's] claim may be doomed to fail under § 2255 does not mean that § 2255 is inadequate or ineffective."). "[C]laims related to the application of Sentencing Guidelines are not cognizable under either § 2255 or § 2241." *Jones*, 2014 WL 1874752, at *7.[3]

The crime of possessing narcotics with intent to distribute, to which Bobmanuel pled guilty, carries a maximum sentence of life in prison. 21 U.S.C. § 841(b)(1)(A). Because Bobmanuel's ten-year sentence, the statutory minimum, did not exceed the statutory maximum, he cannot use § 2255 or a § 2241 petition "to raise an alleged error in calculating his [Sentencing] Guidelines['] range." *Derden*, 2014 WL 5489374, at *2. The same ten-year

---

[3] Bobmanuel, assumedly, is pursuing a § 2241 habeas petition in light of the *Sun Bear* precedent foreclosing the use of § 2255 petitions to challenge Sentencing Guideline errors.

sentence could be reimposed if his § 2241 petition were granted—this does not satisfy the miscarriage of justice standard at issue. *See, e.g.*, *Sun Bear*, 644 F.3d at 705 (holding that the petitioner's "same 360-month sentence could be reimposed were Sun Bear granted the § 2255 relief he requests"); *Meirovitz*, 688 F.3d at 371 (stating that the petitioner's sentence did not "exceed the statutory maximum" and could be reimposed if he was not classified as a "career offender").[4]

This Court does not have subject matter jurisdiction to hear Bobmanuel's § 2241 petition since he does not have a cognizable claim nor has he shown that § 2241 relief is inadequate or ineffective.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Bobmanuel's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**;

2. Wilson's Motion to Dismiss the Petition [Doc. No. 10] be **GRANTED**; and

3. This action be **DISMISSED with prejudice**.

---

[4] Even if Bobmanuel had a cognizable habeas claim, he still would not be afforded relief. *Johnson* held that "an **increased** sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563 (emphasis added). Bobmanuel's permissible sentencing range was augmented to 262 to 327 months because his prior felonies made him a career offender under the Sentencing Guidelines. (Tr. of Sentencing Hr'g at 3–6). Nevertheless, Judge Davis departed from the augmented advisory range and sentenced Bobmanuel to the **statutorily required minimum** of ten years—120 months—for possessing narcotics with intent to distribute. *See* 21 U.S.C. § 841(b)(1)(A). Undoubtedly, Bobmanuel's sentence was not increased because of the residual clause of the Sentencing Guidelines.

Dated: July 14, 2016

*s/Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.